# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
June 27, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**VIRGIL SHRADER,**
**Claimant Below, Petitioner**

**vs.)    No. 13-0203** (BOR Appeal No. 2047598)
                    (Claim No. 930062231)

**CONSOL COAL/MID-CONT BLUEFIELD,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Virgil Shrader, by Gregory Prudich, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Consol Coal/Mid-Cont Bluefield, by Timothy Huffman, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated January 30, 2013, in which the Board affirmed an August 30, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's April 21, 2011, and July 11, 2011, decisions which denied authorization for an epidural injection. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Shrader, a coal miner, was injured on June 6, 1993, when he was lifting a four-hundred pound piece of machinery with two other people and the machinery slipped and jerked his back. His claim was held compensable for lumbar spine sprain/strain. Mr. Shrader had three previous back injuries. The compensable injury in this case resulted in increased pain in the lower back that sometimes radiated into the hips and legs. Mr. Shrader received treatment over the years including physical therapy and medication. Lumbar MRIs and x-rays taken since the compensable injury showed signs of degenerative changes, spondylosis, and arthritis.

1

In 2011, Mr. Shrader's pain worsened and his treating physician, Robert Kropac, M.D., recommended epidural steroid injections. He testified in a November 9, 2011, deposition that the injections were necessary because Mr. Shrader's pain had worsened and such injections had proven to be effective, especially for lower extremity pain. He opined that Mr. Shrader's current symptoms are the result of the compensable injury, not degenerative changes. He stated that the pain was not in a dermatomal pattern, it was in a referral pattern; however, just because the pain was not presenting in the normal pattern did not mean it was not credible. Epidural injections can also treat referral pain. Dr. Kropac stated that Mr. Shrader had some degenerative changes that pre-existed the injury but the current symptoms emerged after the compensable injury and have always occurred in the same location.

Suzanne Novak, M.D., performed a record review in July of 2011 and found that the need for epidural injections was not related to the compensable injury. She noted that Dr. Kropac never found evidence of radiculopathy in a dermatomal pattern which is the criteria for establishing the need for epidural injections under West Virginia Code of State Rules § 85-20 (2006). Mr. Shrader has had left-sided sacroiliac joint and hip pain with radiation into the buttock and groin for several years. The new symptoms did not appear to be related to any previous work injury. Her opinion was supported by a December 20, 2011, independent medical evaluation by Prasadarao Mukkamala, M.D. Dr. Mukkamala diagnosed sprain of the sacrum and opined that there was no need for epidural injections for the 1993 injury which was simply a lower back sprain. He noted that an MRI showed multilevel lumbar spondylosis with disc desiccation and degenerative disc disease as well as stenosis. He opined that even considering the degenerative changes, there was no evidence of radiculopathy; therefore, the injections were not required.

The claims administrator denied requests for an epidural injection on April 21, 2011, and July 11, 2011. The Office of Judges affirmed the decisions in its August 30, 2012, Order. It found that recent radiographic studies showed moderate to severe degenerative changes in the spine that have worsened over time. The Office of Judges stated that while Mr. Shrader may need continued treatment, it is not related to the lumbosacral sprain that occurred nineteen years prior. The Office of Judges relied upon Dr. Novak's report in which she determined that Mr. Shrader does not have radicular pain in a proper dermatomal pattern and therefore has not met the criteria for epidural injections. Mr. Shrader's treatment was determined by the Office of Judges to have been excessive in regards to West Virginia Code of State Rules § 85-20-37.4 (2006). The Office of Judges stated that it is recognized that there may be extraordinary cases that require treatment in addition to the limitations set forth in West Virginia Code of State Rules § 85-20. However, the treatments and limitations set forth in the Code are presumed to be reasonable and anything in excess is presumed to be unreasonable. The Office of Judges concluded that a case for an exception to the guidelines pursuant to West Virginia Code of State Rules § 85-20-4.1 (2006) has not been made.

The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order in its January 30, 2013, decision. This Court agrees with the reasoning and conclusions of the Board of Review. The evidence fails to establish that an

epidural injection is medically related and reasonably required for the treatment of Mr. Shrader's 1993 compensable lumbar sprain.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: June 27, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**
Justice Margaret L. Workman